# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re Derrick Jerome Woodard II | Case No. 2:25-cv-02272-CDS-DJA |
| | **Order Accepting the Magistrate Judge's Report and Recommendation** |
| | [ECF No. 4] |

On November 13, 2025, pro se plaintiff Derrick Jermone Woodard II filed a civil rights complaint. Compl., ECF No. 1-1. On November 26, 2025, U.S. Magistrate Judge Daniel J. Albregts ordered Woodard II to either file an application to proceed *in forma pauperis* or to pay the civil filing fee by December 29, 2025. Order, ECF No. 3. When issuing the order, Judge Albregts informed Woodard II that if he did not file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee for a civil action by December 29, 2025, he would recommend dismissal of Woodard II's claim. *Id.* Woodard II failed to do either by the stated deadline, and to date, has not filed anything further on the docket. As a result, on May 26, 2026, Judge Albregts issued his report and recommendation (R&R) that this case be dismissed without prejudice. R&R, ECF No. 4. Under Local Rule IB 3-2(a) and 28 U.S.C. § 636(b)(1)(C), Woodard II had fourteen days—until June 9, 2026—to file any specific, written objections to Judge Albregts's R&R. *Id.* at 3. That deadline passed and Woodard II failed to file an objection, nor has he requested more time to do so.

Although de novo review is not required for R&Rs unless objections are filed, I nonetheless make an independent review here. As Judge Albregts explained in the R&R, the Ninth Circuit has instructed courts to consider five factors in determining whether to dismiss an action for failing to comply with the court's order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternates. *Id.* at 1 (citing *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998)). Dismissal of a case is proper when at least four of these factors support dismissal, or where at least three factors "strongly" support dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998). Judge Albregts reasoned that factors (1), (2), (3), and (5) weigh in favor of dismissal, whereas (4) does not. ECF No. 4 at 2. I agree with Judge Albregts's reasoning when assessing the factors and with his recommendation that this case be dismissed. The record demonstrates that, despite an opportunity to do so, Woodard II did not submit an *in forma pauperis* application or pay the civil filing fee.

This court cannot operate without collecting the required fees, and litigation cannot proceed without a plaintiff's compliance with court orders. Woodard II's noncompliance and failure to prosecute leaves the court with two options: dismiss the action or allow it to remain pending indefinitely. No sanction short of dismissal would be effective or suitable in this instance. Accordingly, the R&R is adopted in full because dismissal is warranted.

## Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is accepted and adopted in its entirety**. This action is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: July 8, 2026

_____
Cristina D. Silva
United States District Judge

2